# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

GREAT AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.

JAMES WATSON,

    Defendant.

CIVIL ACTION NO.: 5:15-cv-32

## O R D E R

This matter is before the Court on Defendant's Motion to Stay Discovery. (Doc. 9.) Plaintiff has filed its Response opposing Defendant's Motion. (Doc. 10.) After careful consideration and for the reasons set forth below, Defendant's Motion to Stay Discovery is **DENIED**.

## BACKGROUND

Plaintiff filed this action on May 4, 2015. Therein, Plaintiff seeks a judicial declaration that Defendant is not entitled to continuous disability benefits under the terms of an occupational accident insurance policy issued by Plaintiff. (Doc. 1.) Plaintiff also seeks recoupment of any overpayments already made to Defendant. (Id. at p. 10.) Defendant filed a Motion to Dismiss arguing that this Court lacks jurisdiction to hear this case because Plaintiff's claims do not reach the jurisdictional amount for diversity jurisdiction. (Doc. 6.) Defendant then filed the instant Motion asking that discovery be stayed while its Motion to Dismiss was pending. (Doc. 9.) Plaintiff has filed a Response opposing Defendant's request for a stay.

**DISCUSSION**

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). Consequently, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

However, "Chudasama and its progeny do not create a per se rule that discovery is stayed every time a motion to dismiss is filed." SP Frederica, LLC v. Glynn Cnty., No. 2:15-CV-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (citing S. Motors Chevrolet, Inc. v. Gen. Motors, LLC, No. CV414–152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014)). "'A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. In this regard, the Court must take a 'preliminary peek' at

2

the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" Massey v. Fed. Nat. Mortgage Ass'n, No. CV412-102, 2012 WL 3685959, at *1 (S.D. Ga. Aug. 24, 2012) (quoting McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). Further, "[i]n deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D.Fla.1997) (quoting, Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C.1988)).

A ruling on Defendant's Motion to Dismiss remains the exclusive purview of the District Court Judge. However, the "dismissal motion, then, is no slam-dunk, nor so likely to be granted that it warrants the requested discovery stay per Chudasama and the cases applying that decision." S. Motors Chevrolet, Inc., No. CV414–152, 2014 WL 5644089, at *1. Furthermore as Plaintiff points out, even if the Motion to Dismiss is granted, any prejudice to Defendant in engaging in discovery will be minor because such a dismissal will be without prejudice, and Plaintiff will simply refile the case in Georgia Superior Court. (See, Doc. 10, p. 9.) Lastly, a stay would likely cause some harm and prejudice. (See Doc. 9, p. 5.) A stay of discovery would necessarily involve the prejudice inherent in a delay in litigation. See Fed. R. Civ. P. 1 (Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding") (emphasis supplied). Furthermore, the passage of time frequently fades witnesses' memories and can make it more difficult to locate key witnesses and evidence.

**CONCLUSION**

For the above stated reasons, Defendant's Motion to Stay is **DENIED**. The Court notes that in the parties' Rule 26(f) Report, Defendant stated that he requested any discovery be stayed until his Motion to Dismiss was ruled upon. (Doc. 8.) With that request now having been denied, the Court finds it appropriate to obtain Defendant's input on discovery deadlines rather than merely relying upon Plaintiff's requests in the Rule 26(f) Report. Therefore, the parties are hereby **ORDERED** to again meet and confer pursuant to Rule 26(f) **within fourteen (14) days** of the date of this Order. The parties are to file a revised Rule 26(f) Report **within seven (7) days** of the Rule 26(f) conference at which time a Scheduling Order will be entered by the Court.

**SO ORDERED**, this 29th day of October, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA